UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOURAD ELMANAR,

                         Petitioner,                    Case No. 14-12330
                                                        Hon. Terrence G. Berg

v.

KENNETH MCKEE,

                         Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS (DKT. 1), DENYING CERTIFICATE OF
APPEALABILITY AND DENYING PERMISSION
<u>TO PROCCED ON APPEAL IN FORMA PAUPERIS</u>**

Petitioner Mourad Elmanar filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 13, 2014. (Dkt. 1.) Petitioner challenges his Livingston Circuit Court guilty plea conviction for assault with intent to commit armed robbery, Mich. Comp. Laws § 750.89, unlawful imprisonment, Mich. Comp. Laws § 750.349(b), and assault with intent to do great bodily harm. Mich. Comp. Laws § 750.84. (*Id.* at 1.) The petition raises three claims: (1) Petitioner's plea was involuntary because his interpreter inadequately translated the proceedings, (2) Petitioner was not informed of his right to contact his consulate, and (3) Petitioner was denied the effective assistance of counsel when counsel failed to bring an interpreter to his prison visit. (*Id.* at 5, 7-8.)

Respondent filed a motion for summary judgment on November 25, 2014, asserting that the petition was filed after expiration of the one-year statute of limitations. (Dkt. 8, p. 1.) For the reasons set forth, the Court agrees and will dismiss the petition as untimely. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

## I.   FACTUAL BACKGROUND

On February 6, 2009, Petitioner pleaded guilty to the offenses indicated above. (Dkt. 9-4, p. 17.) Petitioner was sentenced on March 26, 2009, to 14-to-50 years' imprisonment for the assault with intent to commit armed robbery conviction, 10-to-15 years for the unlawful imprisonment conviction, and 3-to-10 years for the assault with intent to do great bodily harm conviction. (Dkt. 9-5, p. 16.)

On November 10, 2009, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, raising claims challenging his sentence but not the validity of his plea. (Dkt. 9-10.) On January 20, 2010, the Michigan Court of Appeals issued an order denying leave to appeal for lack of merit on the grounds presented. *People v. Elmanar*, No. 295153, (Mich. Ct. App. Jan. 20, 2010).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court on February 22, 2010. (Dkt. 9-11, pp. 2-32.) On May 25, 2010, the Michigan Supreme Court denied the application by standard order. *People v. Elmanar*, 781 N.W.2d 829 (Mich. 2010) (table). The time for filing a petition for writ

of certiorari with the United States Supreme Court expired 90 days later, on August 23, 2010. 28 U.S.C. § 2101(c).

On May 2, 2011, 252 days after the deadline passed for filing for review in the United States Supreme Court, Petitioner filed a state post-conviction review proceeding under Michigan Court Rule 6.502. (Dkt. 9-7, pp. 1-5.) The trial court denied relief on March 6, 2012. (Dkt. 9-9.) On August 9, 2012, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. (Dkt. 9-12, pp. 5-29.) On November 19, 2012, the Michigan Court of Appeals denied the application in a standard order. *People v. Elmanar*, 311794 (Mich. Ct. App. Nov. 19, 2012). On January 7, 2013, Petitioner applied for leave to appeal to the Michigan Supreme Court. (*See* Dkt. 9-1, p. 6.) On July 30, 2013, the Michigan Supreme Court denied the application. *People v. Elmanar*, 833 N.W.2d 926 (Mich. 2013) (table). Petitioner signed and dated the present habeas petition on June 11, 2014 (Dkt. 1, p. 13), 316 days after the Michigan Supreme Court denied leave to appeal from his state post-conviction review proceeding.

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires.  28 U.S.C. § 2244(d)(1)(A). The limitation period is

tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

The limitation period began to run in this action when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). None of the other potential starting points apply. Petitioner does not assert that his claims are based on previously unavailable facts or law, nor does he allege that the state created an external impediment preventing him from filing his petition. *See* §§ 2244(d)(1)(B)-(D).

"Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Here, the Michigan Supreme Court denied leave to appeal on May 25, 2010. Direct review ended 90 days later, on August 23, 2010, when the time expired for Petitioner to file a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012). The statute of limitations began running on the next day, August 24, 2010.

The limitations period began tolling when Petitioner filed a motion for relief from judgment with the trial court on May 2, 2011. *See* 28 U.S.C. § 2244(d)(2). This means 252 days ran on the limitations period between the expiration of time for seeking direct review and the date Petitioner filed his state petition for post-conviction review, when the limitations period began to toll under § 2244(d)(2).

This period of tolling continued until relief was denied by the Michigan Supreme Court on July 30, 2013. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It should be noted that the state court proceeding merely tolled the limitations period, it did not restart the one-year clock. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

The limitations period starting running again the day after the Michigan Supreme Court denied relief, July 31, 2013, and it continued running until Petitioner commenced the present action by signing his habeas petition and placing it in the prison mail system on August 29, 2011, a period of 316 days. Adding the two periods together in which the statute of limitations ran, 516 days–or more than one year–passed before Petitioner commenced this action. The petition was therefore untimely filed.

The AEDPA limitation is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner did not file a response to the motion for summary judgment, but his petition claims that he is not a native English speaker. (*See* Dkt. 1, pp. 5, 8, 20, 24.) This circumstance does not provide a basis for equitable tolling. *Cobas v.*

*Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (petitioner's lack of proficiency in English did not warrant equitable tolling where he had demonstrated some ability to communicate in that language). A review of the transcripts indicates that Petitioner was able to participate to some extent at both the plea hearing and at sentencing without the aid of the interpreter. (*See* Dkts. 9-2, 9-3, 9-4, 9-5, and 9-6.) Finally, Petitioner was apparently able to seek enough assistance in prison to file for state-post conviction review and to file this petition. The Court therefore finds that whatever deficit with the English language that Petitioner suffers, the record shows that he had "some ability to communicate."  Therefore, the fact that Petitioner is not a native English speaker does not warrant equitable tolling.

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is inapplicable in light of the fact that petitioner pleaded guilty to the charges that he challenges in this petition. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

## III.   CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the

6

merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having undertaken the requisite review as detailed above, the Court concludes that jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus (Dkt. 1) is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to proceed on appeal in forma pauperis is **DENIED**.

**SO ORDERED.**

                                       s/Terrence G. Berg
                                       TERRENCE G. BERG
                                       UNITED STATES DISTRICT JUDGE

Dated:  January 30, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 30, 2015, using the CM/ECF system, which will send notification to each party.

                         By:  s/A. Chubb
                              Case Manager

8